[S. F. No. 15405.   In Bank.—July 24, 1935.]

THOMAS VAN DYKE TYLER SHAW, etc., a Minor, etc., et al., Respondents, v. EDWARD E. JOHNSON, as Executor, etc., Appellant.

James E. Colston and John G. Alioto for Appellant.

Courtney L. Moore for Respondents.

PRESTON, J.—Respondents as plaintiffs sued the appellant, among others, as defendants on the equity side of the court to have it adjudicated that they were the beneficiaries of a declaration of trust affecting the death benefits under a policy of insurance upon the life of Frances Tyler Shaw. It need only be recited that the insured is now deceased and the proceeds of the policy were paid into court and all other defendants are without pecuniary interest in this appeal, save alone the appellant, who is the executor of the estate of the insured. The estate appears to be heavily indebted and no creditors have as yet been paid.

The issue is as to whether these proceeds belong in the trust or belong to the general estate of the insured. The court below has made findings and given judgment establishing the validity of the trust and denying all relief to the executor.

The executor has appealed. He claims to be acting at the unanimous demand of the creditors and upon the advice of his attorneys. Respondents assert he is only looking for an enhancement of his commissions.

We see nothing whatever upon which we could be warranted in saying that the executor is not proceeding in good faith. The sole ground of the motion is that the judge of the probate court has issued an order directing the executor to dismiss his appeal. We are pointed to no authority, and we think none may be found, supporting any such order.

The respondents are the aggressors, pursuing the defendant and forcing him into the arena of the courts. The rules of the contest require that he be allowed to resort to all appropriate weapons of defense, and an appeal is one of these.

It seems to be overlooked that this case is not the administration of assets of an estate, but on the contrary, is basically a proceeding to determine whether these funds are assets of the estate. The probate court in no event could pass upon this question. The position of respondents is not materially strengthened by the fact that one of them is the sole legatee under the will of decedent. His best interest lies in fighting for the trust and not for a doubtful legacy.

The motion is denied.

Langdon, J., Waste, C. J., Curtis, J., Thompson, J., Seawell, J., and Shenk, J., concurred.